### CONDITIONAL SALES.

[Circuit Court of Wood County.]

JEFFERSON RICHCREEK v. EVA O'DONNELL.

Decided, November Term, 1903.

*Sales Conditional—And Sales Absolute—Statutes Relating Thereto—Chattel Mortgage and Effect of Execution of—Evidence as to the Character of the Sale—Replevin.*

1. Where a sale of chattel property is made upon the condition that the title shall be retained by the vendor until payment therefor has been completed, the sale is a conditional sale, notwithstanding the giving of a chattel mortgage in the usual form by the vendee.

2. But oral testimony may be introduced to show the character of the contract between the parties, and where the testimony establishes that the sale was absolute, the transaction is taken out of the statute, and replevin of the property can not be resisted by the vendee on the ground that the vendor has not made good the installments paid, less loss or damage to the property from its use by the vendee.

HAYNES, J. (orally); PARKER, J., and HULL, J., concur.

Error to the Court of Common Pleas of Wood County.

This case comes here on error from the court of common pleas, and the testimony discloses that there was a sale of a

buggy by the plaintiff, Richcreek, to Mrs. O'Donnell; that he received in payment for the same an old buggy valued at a certain sum, and the balance of the purchase price was to be paid in cash in installments from time to time.   To secure the payment of this balance, Richcreek received from Mrs. O'Donnell a chattel mortgage and certain notes evidencing the amount to be paid and the terms of the payment.   Some payments were made upon the purchase price, but finally Mrs. O'Donnell fell into arrears in her payments, and thereupon Richcreek replevied the buggy and sold it under and by virtue of the terms of his chattel mortgage.   Upon the trial of this replevin suit in the court of common pleas it was set up and claimed that the transaction, the sale, giving of the note and mortgage, and the payments and endorsements, brought it within the provisions of Sections 4155-1, 4155-2 and 4155-3 of the Revised Statutes of Ohio, and the case proceeded to trial upon that theory upon the issues.   Testimony was permitted to be given orally by Mrs. O'Donnell as to the terms of the sale, and also by other witnesses.   The court charged the jury that if the sale was a conditional one, that the plaintiff Richcreek would have no right to replevin the property until he had paid back to Mrs. O'Donnell at least the amount of the purchase money that had been paid, less the amount of the loss to or damage to the buggy by reason of its usage.   The jury brought in a verdict for the defendant and gave her judgment for $15.   She had paid in all, it is claimed, $36, and thereupon the case was brought to this court upon error.

The case seemed rather simple at first, but we found, upon investigation, that there were a good many questions of law that had been discussed and decisions by different courts that required considerable attention before we arrived at a conclusion in the matter, some of us feeling at least that the case is a close one.   There was cited to us by counsel on behalf of the plaintiff, cases in the 12th C. C., 118; 7 C. C., 460; 35 W. L. Bull., 379; and we have examined the 4th C. C., 494; 35 Bull., 37; 31 Bull., 350; 5 N. P., 94, and *Baker* v. *Speyer*, 59 O. S., 11.   There is a case in the 55th O. S., 638 (*Singer Machine Co. v. Crawford*), wherein the judgment of the circuit court was

affirmed upon the ground stated in the opinion of the circuit court, and that case would appear to be favorable to the contention of the plaintiff.

We have made an examination of this case in the 59th Ohio St. (*Baker* v. *Speyer*), and think it substantially settles the law of the question and along the line of the charge that was made by the court of common pleas. In that case there was a sale of personal property—household goods—in Hamilton county, and a chattel mortgage was taken back providing for the payment of certain sums of money from time to time and with the usual conditions and clauses that are ordinarily found in chattel mortgages. The syllabus of the case substantially holds that where a chattel property is to be sold and paid for in part installments, and conditioned that it shall belong to the purchaser when the amount paid thereon shall be a certain sum, or the value of the property, the title to remain in the vendor until such amount shall be paid, was within the statute; and the rights of the purchaser, under the statute, are unaffected by the execution of a mortgage on the property, at the time of sale, to secure installments of the purchase price. That where a purchaser at such sale has made payments on the property, he is entitled to its possession, though in default as to other installments, until there shall be refunded or tendered back the amount so paid, less a reasonable compensation for the use of the property and for any damage done to it while in his possession, and the amount which he is so entitled to have refunded should be awarded him as damages when the property is taken in replevin at the suit of the vendor; that that law would govern any sales of that kind made and that the replevin proceedings would have to be made upon the terms and conditions of the contract.

In that case counsel for the defendant contended that the giving of the chattel mortgage recognized the property as the property of the mortgagee and took the case out of the statute and converted it into a sale absolute, and the court of common pleas so charged the law to be, but the Circuit Court of Hamilton County reversed the common pleas court, and the case went to the Supreme Court, and the action of the circuit court

was affirmed, and, without reading the decision, I will say that the Supreme Court stated the law to be that if the sale is a sale upon condition that the property should be retained by the vendor, then the statute governed; but the fact that a chattel mortgage was given in a regular form will not take the case out of the statute; it still remains a conditional sale notwithstanding a chattel mortgage was given as if the mortgagee owned the property and we recognize the fact that the law is that oral testimony may be given to show what the contract of sale really was as between the parties. In other words, the party may establish his contract of sale by oral evidence, and that the question of whether the statute will apply or not will depend upon the fact as to whether there was a contract of sale conditioned that the owner should retain the title to the property. The charge of the court of common pleas was along that line and the jury found for the defendant, practically finding there was a conditional sale.

Unfortunately for the defendant, Mrs. O'Donnell, she testified in the case, and she testified as strong as language would permit her that the sale was not a conditional sale, but an absolute sale; that the property was hers, and belonged to her, and she took it and gave a mortgage back; Richcreek, she says, agreeing to be lenient and letting her pay from time to time. The testimony of the other parties was along the same line.

We are constrained to hold therefore upon the clear weight of the testimony so far as the testimony is concerned, that the sale was not a conditional sale, but was an absolute sale, and that the jury should have so found, and should have found for the plaintiff, Richcreek, instead of finding for Mrs. O'Donnell.

The judgment of the court of common pleas will therefore be reversed, as the court should have granted a new trial, and the cause will be remanded to that court for further proceedings according to law.

*W. S. McMillen,* for plaintiff.

*S. P. Harrison,* for defendant.